Filed 12/7/21  P. v. Banks CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093571 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F10219 ) |
| v. | |
| ROBBIE BANKS, | |
| Defendant and Appellant. | |

In 2001, a jury found defendant Robbie Banks guilty of second degree murder and found true she personally used a knife and had a prior serious felony.  On June 1, 2001, the trial court sentenced defendant to 30 years to life for the murder, one year for the weapon enhancement, and five years for the prior serious felony, for a total term of 30 years to life plus six years.

On March 6, 2020, defendant filed a petition for resentencing under Penal Code section 1170.95, alleging she is eligible for resentencing because she was not the actual killer.  After briefing by the parties, the trial court denied the petition finding the "jury was not instructed on either felony-murder or the natural and probable consequences doctrine of accomplice liability."

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any

1

arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of her right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a postconviction petition is an open question. Our Supreme Court has not spoken on that issue, although the issue is currently pending before it. (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305.) In *Figueras*, we described the *Anders/Wende* procedure we believed applicable to appeals from postconviction petitions: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*People v. Figueras* (2021) 61 Cal.App.5th 108, 112-113, review granted May 12, 2021, S267870.)

We consider defendant's appeal abandoned and order the appeal dismissed.

DISPOSITION

The appeal is dismissed.

/s/_____
Robie, J.

We concur:

/s/_____
Raye, P. J.

/s/_____
Hull, J.

2